# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-50367
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FRANK AARON MORALES,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CR-31-1

---

Before GRAVES, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Frank Aaron Morales appeals his 235-month sentence for possession with intent to distribute methamphetamine and possession of a firearm after a felony conviction. He contends that the district court clearly erred by imposing a two-level dangerous weapon enhancement under U.S.S.G. § 2D1.1(b)(1) because he possessed a firearm as a collector's item that he

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50367

intended to mount on his wall and there was no connection between the firearm and his distribution of methamphetamine.

We review the finding that he possessed a firearm in connection with the offense for clear error. *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007). The two-level enhancement applies "[i]f a dangerous weapon (including a firearm) was possessed." § 2D1.1(b)(1). The Guidelines commentary explains that the enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1, comment. (n.11(A)). Here, the district court's finding that the firearm enhancement applied was not clearly erroneous, especially given its findings that it was located near security camera monitors and soft vest body armor in the same residence where drugs and drug proceeds were also present and that investigators found the firearm was operable. *See Trujillo*, 502 F.3d at 356; *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010); *United States v. Hooten*, 942 F.2d 878, 882 (5th Cir. 1991).

AFFIRMED.